# Ladd *v.* Shattock.

*Statutory Action for Damages, for Cutting down Trees.*

1. *Authority of agent.*—Authority given by a landlord to his tenant, to clear land for cultivation, or to use the land and take care of it, does not confer on him power to sell the growing timber on such parts of the land as he does not clear.

2. *Same; burden of proof.*—One who deals with an agent, is bound to know the extent of his authority; and when he justifies or defends under permission given by an agent, he is bound to show the agent's authority to give it.

APPEAL from Circuit Court of Jackson.

Tried before Hon. JOHN B. TALLY.

This action was brought by Richard P. Shattock, against Vincent D. Ladd, and was commenced on the 30th October, 1885. The plaintiff died pending the suit, and it was revived in the name of his administratrix. The original complaint contained counts claiming statutory damages for cutting and carrying away thirty pine trees from plaintiff's land, without his consent (Code, § 3296); and another count was added by amendment, claiming only the value of the trees. A trial was had on issue joined, and resulted in a verdict and judgment for plaintiff, for $200, with costs. The plaintiff claimed the land under a patent from the United States, which was dated December 5th, 1884; and the defendant justified under permission alleged to have been given him by the tenant in possession, to whom he paid $10 for the trees cut and carried away. One Kennamer, the tenant, who seems to have been living on the land when plaintiff's patent was issued, testified on behalf of defendant: "Shattock came to me, soon after I moved on the place, and said he was glad I was there, and said that he wanted me to stay. I told him I must have something to live on, and asked him about using some of the timber. He told me that I could use as much timber as I wanted, on the north side of the house, and that I could clear as much land as I wanted to." A witness for plaintiff testified that Kennamer, while living on the land, "told him that Shattock got him to stay and take care of the place."

At the request of the plaintiff, the court gave the following charges to the jury: (1.) "Authority to take timber from land which the *defendant* (?) had authority to clear, does not au-

[Ladd v. Shattock.]

thorize the tenant to make merchandise of the timber which he was not engaged in clearing, and which he did not clear." (2.) "Authority of a landlord to a tenant in possession, the lands being farm lands, and the tenant in possession for the purpose of using the land and taking care of it, a mere authority by the landlord to the tenant would not authorize the tenant to sell the timber, or make merchandise of it; and any such act would be in excess of his authority, and would afford no protection to the purchaser." (3.) "If the defendant, knowingly and intentionally, went on the plaintiff's land, and cut and carried away timber, and he relies on the permission of the tenant in possession; then he must show, to the reasonable satisfaction of the jury, that the tenant had authority from the landlord to give such permission. When one deals with an agent, he is bound to know the extent of the agent's authority." The defendant excepted to each of these charges, and he here assigns them as error.

HUNT & CLOPTON, for appellant.

J. E. BROWN, *contra.*

SOMERVILLE, J.—The authority conferred on the tenant by the landlord, to clear land for cultivation, clearly conferred on him no authority to make merchandise of the timber on such parts of the premises as he did not clear. It is equally manifest, also, that the authority "to use the land and take care of it" did not confer the power to make merchandise of the growing timber on the premises. The first and second charges given by the court were free from error in asserting these propositions.

So, the third charge correctly postulated, that one who deals with an agent is bound to know the extent of his authority; and, therefore, if the defendant knowingly and intentionally cut growing timber on the plaintiff's premises, under a claim of authority from the tenant in possession, he must show to the reasonable satisfaction of the jury the authority of the tenant from the landlord to give such permission.

The rulings of the court were all free from error, and the judgment must be affirmed.